# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/30/2015
CT Log Number 527041378

**TO:**  Thuy Luu
Agilent Technologies, Inc.
5301 Stevens Creek Blvd, MS 53 Ulb
Santa Clara, CA 95051-7201

**RE:**  **Process Served in California**

**FOR:**  Agilent Technologies, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vanessa Findlay, Pltf. vs. Agilent Technologies, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Cover Sheet, Notice, Attachment(s) |
| **COURT/AGENCY:** | Sacramento County - Superior Court - Sacramento, CA
Case # 34201500178352 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - November 2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/30/2015 at 14:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Shelley G. Bryant
Bryant Whitten LLP
8050 North Palm Avenue
Suite 210
Fresno, CA 93711
559-494-4910 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 780586865196
Image SOP
Email Notification, Hajime Tada  haj_tada@agilent.com
Email Notification, Thuy Luu  thuy_luu@agilent.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

4/30/15 @ 2:55

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Superior Court Of California,
Sacramento
04/27/2015
vvasquez
By _____ , Deputy
Case Number:
34-2015-00178352

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Agilent Technologies, Inc., a Delaware corporation, and Does 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Vanessa Findlay

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Sacramento County Superior Court<br><br>720 Ninth Street<br>Sacramento, California 95814 | CASE NUMBER:<br>(Número del Caso):<br>34-2015-00178352 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Shelley G. Bryant - 8050 North Palm Avenue, Suite 210, Fresno, California 93711 - (559) 494-4910

| DATE: APR 27 2015<br>(Fecha) | Clerk, by V. VASQUEZ<br>(Secretaria) | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): AGILENT TECHNOLOGIES, INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☒ by personal delivery on (date): 4/30/15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SHELLEY G. BRYANT - #222925
AMANDA B. WHITTEN - #251160
BRYANT WHITTEN LLP
8050 North Palm Avenue, Suite 210
Fresno, California 93711
(559) 494-4910 Telephone
(559) 421-0369 Facsimile

Attorneys for Plaintiff, VANESSA FINDLAY

FILED
Superior Court Of California,
Sacramento
04/27/2015
Vasquez
By _____, Deputy
Case Number:
34-2015-00178352

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO

| | |
|---|---|
| VANESSA FINDLAY,<br><br>Plaintiff,<br><br>vs.<br><br>AGILENT TECHNOLOGIES, INC., a Delaware corporation, and Does 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DISABILITY DISCRIMINATION, RETALIATION AND FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, FAILURE TO ACCOMMODATE PREGNANCY IN VIOLATION OF GOVERNMENT CODE §12945(a)(3)(A) and (C), VIOLATION OF MEDICAL LEAVE LAWS, WRONGFUL CONSTRUCTIVE DISCHARGE, PUNITIVE DAMAGES AND ATTORNEYS' FEES**<br><br>**REQUEST FOR JURY TRIAL** |

COMES NOW, Plaintiff, Vanessa Findlay, and alleges as follows:

## GENERAL ALLEGATIONS

1.   Plaintiff, Vanessa Findlay (hereinafter referred to as "Plaintiff"), is an adult female who was, at all times relevant hereto, residing in Sacramento County, California, and was an employee of Defendant, Agilent Technologies, Inc., commencing employment in or about January 2010, until on or about November 12, 2014, when she was wrongfully constructively discharged.

2.   Defendant, Agilent Technologies, Inc., (hereinafter referred to as "ATI"), is a Delaware corporation doing business in Sacramento County, California, and throughout the state of California.

///

PLAINTIFF'S COMPLAINT                                                                 Page 1

3.      The true names and capacities of the Defendants named herein as Does 1 through 20, inclusive, whether individual, corporate, associate or otherwise, are unknown to the Plaintiff who, therefore, sues such Defendants by fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff is informed and believes, and on that basis alleges that each Defendant sued under such fictitious name is in some manner responsible for the wrongs and the damages as alleged below, and in so acting was functioning as the owner, shareholder, agent, servant, partner, joint venturer, alter-ego, employee, proxy, managing agent, and principal of the co-Defendants, and in doing the actions mentioned below was acting, at least in part, within the course and scope of his authority as such agent, servant, proxy, partner, joint venturer, employee, alter-ego, managing agent, and principal with the permission and consent of the co-Defendants.

4.      Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants sued herein was, at all times relevant hereto, the employer, owner, shareholder, principal, joint venturer, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer and/or alter-ego of the remaining Defendants, and was acting, at least in part, within the course and scope of such employment and agency, with the express and implied permission, consent and knowledge, approval and/or ratification of the other Defendants. The above Co-Defendants and managing agents and supervisors aided, abetted, condoned, permitted, wilfully ignored, approved, authorized and/or ratified the unlawful acts described herein.

5.      Venue is proper in this county because the employment relationship between Plaintiff and Defendant arose and was performed in Sacramento County, California.

6.      At all times herein, Plaintiff was duly qualified and performed her employment duties in a satisfactory manner.

7.      Plaintiff was at all times an employee covered by Government Code §12940 prohibiting discrimination in employment on the basis of disability and/or medical condition and was therefore a member of the group sought to be protected by this statute.

8.      Defendant, ATI, was an employer within the meaning of the California Government Code §12926(d) and, as such, was and is barred from unlawfully discriminating in employment decisions including retaliating against an employee on the bases set forth in Government Code

1    §12940.

2         9.    As an employee of ATI, Plaintiff was entitled to all of the benefits provided by the

3    ATI's personnel policies, procedures and practices, and, as well, those confirmed in the by-laws

4    governing said organization.

5         10.    This action is brought to remedy discrimination against Plaintiff in the terms,

6    conditions and privileges of employment and to remedy retaliation against and the wrongful

7    constructive discharge of Plaintiff.

8         11.    Plaintiff began working for Defendant, ATI, as a manufacturing technician in or about

9    January 2010 at ATI's facility located in Folsom.  She performed her job duties satisfactorily and

10   received good performance reviews. Plaintiff's job duties required her to work directly with toxic

11   chemicals without effective safety equipment or protection.

12        12.    Plaintiff suffered from a serious medical condition for which she requested intermittent

13   medical leave. Plaintiff's health care provider prescribed intermittent leave of one day off per week

14   so that Plaintiff could care for her own serious medical condition.  Plaintiff's supervisor told her that

15   Monday would be the best day to be off. Defendant, ATI, approved Plaintiff's intermittent medical

16   leave and, beginning in or about March 2014, Plaintiff took medical leave every Monday.

17        13.    Plaintiff became pregnant and informed Defendant, ATI, of her pregnancy on or about

18   March 11, 2014.  She told her supervisor, Steve Hatchings, that she was concerned about being

19   exposed to chemicals in the work place due to her pregnancy and asked to be moved away from the

20   production floor where the chemicals were.  Plaintiff had been told by another supervisor that ATI

21   transferred pregnant employees away from working with chemicals.  Mr. Hatchings refused to move

22   Plaintiff away from the chemicals and commented on the fact that she was taking intermittent leave.

23   Plaintiff subsequently became ill and took time off work due to her illness.

24        14.    On or about March 18, 2014, when Plaintiff returned to work, she provided Defendant,

25   ATI, with her health care provider's note which stated that Plaintiff had to avoid caustic chemicals

26   at work due to her pregnancy.  Plaintiff requested that Defendant assign her to work in an area that

27   did not require her to come in contact with chemicals. Defendant, ATI, refused Plaintiff's request

28   even though ATI did have jobs that did not involve working with chemicals.  Plaintiff subsequently

---

**PLAINTIFF'S COMPLAINT**                                                                    Page 3

1   suffered a miscarriage which was emotionally devastating to her.

2       15.   After Plaintiff began taking intermittent leave to care for her own serious medical

3   condition, her supervisors at ATI treated her differently.  For example, they hyper-scrutinized her

4   work, criticized her job performance unfairly, required her to perform tasks that other employees were

5   not required to perform and demanded that she work faster when they did not make similar demands

6   of employees who worked slowly.  Plaintiff's supervisors, including Alex Graham, also complained

7   to her about the fact that she was off work on Mondays.  Plaintiff was extremely distressed by the

8   conduct of her supervisors and complained to them about the way she was treated.

9       16.   In or about July 2014, Plaintiff complained to Mr. Graham about discrimination and

10   retaliation against her. To Plaintiff's knowledge, Mr. Graham took no action regarding her complaint.

11       17.   In or about August 2014, Mr. Graham again harassed Plaintiff about taking her

12   intermittent medical leave on Mondays and threatened to deny her the days off.  On or about August

13   12, 2014, another supervisor, Amy Phoong, shouted at Plaintiff, in the presence of Mr. Graham and

14   other employees, about her need for intermittent medical leave inconveniencing her co-workers and

15   the company.  Plaintiff felt humiliated and was extremely distressed.

16       18.   Plaintiff was so upset by the conduct of ATI's supervisors that she sought treatment

17   from her health care provider.  Plaintiff was not able to return to the hostile work environment at ATI.

18   Her health care provider put her on leave from work and she gave the doctor's note to Mr. Graham

19   on or about August 13, 2014.  In or about November 2014, Plaintiff was constructively terminated

20   from her job at ATI.

21       19.   Plaintiff filed a charge of discrimination with the Department of Fair Employment and

22   Housing ("DFEH") against Defendant complaining of the acts of discrimination and retaliation as

23   alleged therein.  Plaintiff received a "Right to Sue Letter" from the DFEH dated January 24, 2015, a

24   true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated by reference.

25   Plaintiff has complied with all prerequisites to jurisdiction of this Court under California Government

26   Code §§12900, et seq., and has, therefore, exhausted her administrative remedies.

27       20.   As a direct and proximate result of the Defendants' acts of discrimination, Plaintiff

28   has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and

1  other employment benefits which Plaintiff would have received. She has suffered and continues to

2  suffer both physical and non-physical injuries, including severe emotional distress, humiliation,

3  embarrassment and mental anguish all to her damage in an amount according to proof.

4       21.    In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

5  each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a

6  reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both

7  statutory and common law, guaranteed Plaintiff by the State of California. As such, Defendants are

8  guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to

9  be proven at trial.

10       22.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

11  action for which they are specifically provided by statute. Government Code §12965(b) and Labor

12  Code §2699 provide that reasonable attorneys' fees and costs are recoverable herein by the prevailing

13  party, within the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this

14  action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

15  **FIRST CAUSE OF ACTION**
**Discrimination Based on Disability and/or Perceived Disability/Medical Condition**

16  **in Violation of Government Code §12940**

17       23.    The allegations of paragraphs 1 through 22 are re-alleged and incorporated herein by

18  reference.

19       24.    The California Government Code provides at Section 12940, in pertinent part:

20      "It shall be an unlawful employment practice . . . (a) For an employer,
because of the... physical disability... [or] medical condition of any

21  person . . . to discharge the person from employment... or to
discriminate against the person in compensation or in terms, conditions

22  or privileges or employment. . . .

23  In addition, Government Code §12926 (m) states, in part:

24  "'[P]hysical disability [and] medical condition' . . . includes a
perception that the person has any those characteristics . . . ."

25

26       25.    Defendant, ATI, constructively discharged Plaintiff because it perceived her as

27  disabled and unable to perform her job duties, because it did not want to accommodate her need for

28  medical leave and because she took time off work to care for her own serious medical condition

1   (depression and anxiety). Defendant, ATI, also discriminated against Plaintiff on the basis of her

2   disability and/or perceived disability when it treated her differently than other employees by

3   demanding that she work faster and perform tasks that her co-workers did not have to, when it hyper-

4   scrutinized her work, and when it harassed her about being off work on Mondays.

5        26.   As a direct and proximate result of the Defendants' acts of discrimination, Plaintiff

6   has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and

7   other employment benefits which Plaintiff would have received. She has suffered and continues to

8   suffer both physical and non-physical injuries, including severe emotional distress, humiliation,

9   embarrassment and mental anguish all to her damage in an amount according to proof.

10       27.   In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

11  each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a

12  reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both

13  statutory and common law guaranteed Plaintiff by the State of California. As such, Defendants are

14  guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to

15  be proven at trial.

16       28.   Code of Civil Procedure §1021 provides that attorney's fees are recoverable in an

17  action for which they are specifically provided by statute. Government Code §12965 provides that

18  reasonable attorney's fees and costs are recoverable herein by the prevailing party, within the

19  discretion of the court. Plaintiff has retained an attorney for the prosecution of this action. As a

20  result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

21                        **SECOND CAUSE OF ACTION**
                **Retaliation in Violation of Government Code §12940(h)**

22

23       29.   The allegations of paragraphs 1 through 28 are re-alleged and incorporated herein by

24  reference.

25       30.   The California Government Code §12940 provides, in pertinent part:

26            "It shall be an unlawful employment practice . . .

27            (h) For any employer ... or person to discharge, expel, or otherwise
              discriminate against any person because the person has opposed
28            practices forbidden under this part or because the person has filed a

---

**PLAINTIFF'S COMPLAINT**                                          Page 6

1    complaint, testified, or assisted in any proceedings under this act."

2        31.    Plaintiff alleges on information and belief that Defendant, ATI, discriminated against

3    her and constructively discharged her from her employment in retaliation for her complaints about

4    discrimination in the work place. Defendant, ATI, subjected Plaintiff to demands that she stop taking

5    intermittent medical leave, that she change the day of her leave, and that she work faster and

6    accomplish more than other employees, among other things. These acts were done in retaliation for

7    her reports of and complaints about disability discrimination.

8        32.    As a direct and proximate result of the Defendants' acts of retaliation, Plaintiff has

9    suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other

10   employment benefits which Plaintiff would have received. She has suffered and continues to suffer

11   both physical and non-physical injuries, including severe emotional distress, humiliation,

12   embarrassment and mental anguish all to her damage in an amount according to proof.

13       33.    In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and

14   each of them, engaged in conduct with malice towards Plaintiff and/or a reckless indifference to her

15   statutorily protected rights and in conscious disregard of the rights, both statutory and common law,

16   guaranteed Plaintiff by the State of California.  As such, Defendants are guilty of oppression and

17   malice for which Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

18       34.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

19   action for which they are specifically provided by statute.  Government Code §12965 provides that

20   reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

21   discretion of the court.  Plaintiff has retained an attorney for the prosecution of this action.  As a

22   result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**THIRD CAUSE OF ACTION**
**Failure to Prevent Discrimination and**
**Discrimination Based on Medical Condition,**
**Disability and/or Perceived Disability**
**in Violation of Government Code §12940(k)**

35.     The allegations of paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36.     The California Government Code provides at Section 12940, in pertinent part:

> "It shall be an unlawful employment practice . . . (k)  For an employer
> . . . to fail to take all reasonable steps necessary to prevent
> discrimination ... from occurring."

37.     The behavior, conduct and comments by  Defendant, ATI, and its agents, representatives and employees, created a work environment that was intimidating, hostile, oppressive and offensive to Plaintiff such that she was deprived of the benefit of a discrimination-free work environment, all in violation of California Government Code §§12900, et seq. Such conduct included, but was not limited to, subjecting Plaintiff to unwarranted criticism, hyper-scrutiny of her work, demands that she work harder and faster than other employees, harassment about the accommodation of her medical condition and constructively terminating her employment.

38.     Defendant, ATI, failed to prevent discrimination, failed to halt the offending conduct and failed to engage in a prompt and meaningful investigation of Plaintiff's complaints of discrimination.

39.     As a direct and proximate result of the Defendants' acts of  discrimination and retaliation, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiff would have received. She has suffered and continues to suffer both physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish all to her damage in an amount according to proof.

40.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and each of them, engaged in discriminatory acts and conduct with malice towards Plaintiff and/or a reckless indifference to her statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by  the State of California. As such, Defendants are

1  guilty of oppression and malice for which Plaintiff is entitled to punitive damages, in an amount to

2  be proven at trial.

3       41.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

4  action for which they are specifically provided by statute.  Government Code §12965 provides that

5  reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the

6  discretion of the court.  Plaintiff has retained attorneys for the prosecution of this action.  As a result,

7  Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

8                          **FOURTH CAUSE OF ACTION**
          **Retaliation for Exercising Rights Under California Family Rights Act/**
9                    **Family and Medical Leave Act of 1993**

10      42.    The allegations of paragraphs 1 through 41 are re-alleged and incorporated herein by

11  reference.

12      43.    California Administrative Code, Title 2, §11094 and 29 U.S.C §2615 prohibit

13  retaliation against an employee who exercises her right to take leave to care for her own serious

14  medical condition.

15      44.    Defendant, ATI, punished and constructively discharged Plaintiff from her employment

16  because she exercised her right to request and take medical leave and because she took leave to care

17  for her own serious medical condition.

18      45.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

19  continues to suffer damages.  Plaintiff is entitled to punitive damages and her reasonable attorneys'

20  fees and costs herein incurred.

21                          **FIFTH CAUSE OF ACTION**
          **Failure to Accommodate Pregnancy-Related Medical Condition**
22     **in Violation of Government Code §12945(a)(3)(A) and 2 C.C.R. §11040**

23      46.    The allegations of paragraphs 1 through 45 are re-alleged and incorporated herein by

24  reference.

25      47.    The California Government Code provides at Section 12945(a)(3)(A), in pertinent part:

26          "It shall be an unlawful employment practice . . . [f]or an employer to
          refuse to provide reasonable accommodation for an employee for a
27          condition related to pregnancy... if she so requests, with the advice of
          her health care provider."

28  ///

48.    The California Code of Regulations provides at Title 2, Section 11040, that it is unlawful for an employer to deny a request for reasonable accommodation made by an employee who is affected by pregnancy.

49.    Plaintiff requested that Defendant, ATI, accommodate her pregnancy-related medical condition. The accommodation that Plaintiff requested was to be permitted to work away from caustic chemicals.  She provided her health care provider's note regarding this accommodation.  However, Defendant, ATI, refused to accommodate Plaintiff or, in the alternative, engage in an interactive process to determine whether or not modifications could be made to reasonably accommodate Plaintiff's medical condition as required by Government Code §12940(n).  Instead, Defendant required Plaintiff to continue to work with toxic chemicals and refused to transfer her to off the production floor.  Plaintiff subsequently suffered a miscarriage.

50.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer damages.  Plaintiff is entitled to punitive damages and her reasonable attorneys' fees and costs herein incurred.

**SIXTH CAUSE OF ACTION**
**Failure to Transfer**
**in Violation of Government Code §12945(a)(3)(C) and 2 C.C.R. §11041**

51.    The allegations of paragraphs 1 through 50 are re-alleged and incorporated herein by reference.

52.    The California Government Code provides at Section 12945(a)(3)(C), in pertinent part:

> "It shall be an unlawful employment practice . . . [f]or an employer to refuse to temporarily transfer a pregnant female employee to a less strenuous or hazardous position for the duration of her pregnancy if she so requests, with the advice of a physician, where the transfer can be reasonably accommodated."

53.    The California Code of Regulations provides at Title 2, Section 11041, that it is unlawful for an employer to deny the request of an employee affected by pregnancy to transfer to a less hazardous position or duties if the request is based on her health care provider's advice.

54.    Based on the advice of her health care provider, Plaintiff requested that Defendant, ATI, transfer her to a position in which she would not come in contact with chemicals.  Plaintiff provided her health care provider's note to ATI but ATI refused to transfer Plaintiff.

1    55.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and

2    continues to suffer damages.  Plaintiff is entitled to punitive damages and her reasonable attorneys'

3    fees and costs herein incurred.

### SEVENTH CAUSE OF ACTION
#### Tortious Constructive Wrongful Discharge
#### in Violation of Public Policy

6    56.    The allegations set forth in paragraphs 1 through 55 are re-alleged and incorporated

7    herein by reference.

8    57.    At all times mentioned in this Complaint, California Constitution Article I, §8, and

9    Government Code §12940 were in full force and effect, and were binding on Defendant, ATI.  These

10   sections required Defendant to provide employees with a work environment free of discrimination

11   and to refrain from discriminating or retaliating against an employee for complaints of discrimination,

12   for requesting accommodation, for taking medical leave and other protected reasons.

13   58.    Plaintiff complained  to Defendant, ATI, about discrimination in the workplace.

14   Thereafter, Plaintiff was subjected to more acts of discrimination and retaliation.

15   59.    Defendant's failure to allow Plaintiff an opportunity to be treated fairly and

16   respectfully when she was in the work place and the hostile work environment at ATI was so

17   intolerable that Plaintiff could not continue to work there.  She was forced to resign from her job.

18   60.    As a direct and proximate result of Defendants' wilful, knowing and intentional

19   discrimination against Plaintiff, she has sustained, and continues to sustain, substantial losses of

20   earnings, and other employment benefits.

21   61.    As a direct and proximate result of Defendants' wilful, knowing, and intentional

22   harassment and discrimination against Plaintiff, she has suffered, and continues to suffer, humiliation,

23   emotional distress, mental and physical pain and anguish, and the manifestations thereof, all to her

24   damage in an amount to be proven at trial.

25   62.    Plaintiff  has incurred, and continues to incur, legal expenses and attorneys' fees.

26   Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

27   Court to amend this Complaint when the amounts are more fully known.

28   / / /

---

PLAINTIFF'S COMPLAINT                                                          Page 11

63.     Defendants' wilful, knowing, and intentional discrimination, harassment and retaliation against Plaintiff made her working conditions intolerable and forced her to resign. Plaintiff, therefore, seeks an award of punitive and exemplary damages in an amount to be proven at trial.

## REQUEST FOR JURY TRIAL

Plaintiff, Vanessa Findlay, hereby requests a trial by jury.

**WHEREFORE**, the Plaintiff prays as follows:

1.     For general damages in excess of the jurisdictional minimum of this Court, according to proof;

2.     For special damages according to proof;

3.     For exemplary punitive damages, according to proof;

4.     For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rate;

5.     For reinstatement to her job;

6.     For costs of suit, including reasonable attorneys' fees; and

7.     For such other and further relief as the Court may deem just and proper.

Dated: April 27, 2015                    BRYANT WHITTEN, LLP

SHELLEY G. BRYANT, Attorneys for Plaintiff,
VANESSA FINDLAY

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 24, 2015

Vanessa Findlay
141 Chesterfield Way
Folsom California 95630

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 466259-143578
Right to Sue: Findlay /

Dear Vanessa Findlay,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 24, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shelley G. Bryant - #222925<br>BRYANT WHITTEN, LLP<br>8050 North Palm Avenue, Suite 210<br>Fresno, California 93711<br>TELEPHONE NO.: 559.494.4910  FAX NO.: 559.421.0369<br>ATTORNEY FOR *(Name):* Plaintiff, Vanessa Findlay | FILED<br>Superior Court Of California,<br>Sacramento<br>04/27/2015<br>vvasquez<br>By_____, Deputy<br>Case Number:<br>34-2015-00178352 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Sacramento**
STREET ADDRESS: **720 Ninth Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Sacramento, California 95814**
BRANCH NAME:

CASE NAME:
**Findlay v. Agilent Technologies, Inc.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40)<br>☐ Securities litigation (28) |
| ☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | ☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05) | ☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

**2.** This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
**4.** Number of causes of action *(specify):* Seven (7)
**5.** This case ☐ is ☑ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case.

Date: April 27, 2015
SHELLEY G. BRYANT
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO** | |
| STREET ADDRESS: 720 Ninth STREET | |
| MAILING ADDRESS: 720 Ninth STREET | |
| CITY AND ZIPCODE: Sacramento, CA 95814-1311 | |
| BRANCH NAME: Gordon D Schaber Courthouse | |
| PHONE NUMBER: (916) 874-5522 | |

| **SHORT TITLE:**   Findlay vs. Agilent Technologies, Inc., a Delware Corpo | |
|---|---|
| **NOTICE OF CASE MANAGEMENT CONFERENCE** **AND ORDER TO APPEAR** | **CASE NUMBER:** 34-2015-00178352-CU-OE-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 04/21/2016 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
   -Served all parties named in the complaint within 60 days after the summons has been issued
   -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
   -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's Internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**          Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 04/28/2015

Gerrit W. Wood, Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



Superior Court of California, County of Sacramento
_____
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement.  The parties may choose either of the following Mediation choices:

> **Private Mediation.**  Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance.  The cost of Mediation must be borne by the parties equally unless the parties agree otherwise.  Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.**  Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation.  Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation.  In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

### UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC.  In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement.*

### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.

 Superior Court of California, County of Sacramento

Case Management

**Arbitration**
*UNLIMITED CIVIL CASES*
- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration.  Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List.  The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5.  Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826.  Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference.  If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:
- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12.  A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**
For additional information regarding the Court's ADR program, please go to the Court's website
http://www.saccourt.ca.gov.